Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA  95113

Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| Gregory and Tracy Del Carlo | ) Case No.: 16-52268 MEH |
| | ) |
| | ) Date:  October 26, 2017 |
| | ) |
| | ) Time:  9:30 a.m. |
| Debtors | ) |
| | ) |

## MOTION TO MODIFY CHAPTER 13 PLAN

Gregory and Tracy Del Carlo, debtors("Debtors") herein, respectfully request that the Court modify their Chapter 13 Plan as follows:

1. With respect to unsecured claims, the claim of Frank Del Carlo("Frank") shall be classified separately from other unsecured claims and be paid, pursuant to a Compromise Agreement("Compromise") described below, the sum of $200,000 in full satisfaction of his claim, payable by lump sum payments to be made by or on behalf of Debtors in the amounts of $100,000 each on or before February 28, 2018, and May 29, 2018.  These lump sum payments shall be earmarked for disbursement only on account of Frank's claim.

2. In support of the Motion to Modify("Motion"), Debtors represent that Frank filed a Proof of Claim("Claim") for the amount of almost $1.9 million.  The Claim is based on a

- 1

Superior Court judgment that is on appeal.  In addition, Frank filed Adversary Proceeding Number 16-5084 for nondischargeability of his Claim.  The Adversary Proceeding was set for trial on October 3 and 4; however, the parties on September 13, spent eight hours negotiating a global settlement.  The result was an executed Compromise, a copy of which is attached to the Declaration of Debtors' Attorney.  Debtors are filing, in addition to this Motion, a Motion to Compromise Controversy("Compromise Motion").

3.  In pertinent part the Compromise provides for Debtors to pay the sum of $100,000 each by February 28, 2018, and May 29, 2018.  Failure to pay will trigger a penalty.  However, payment as agreed will be deemed full satisfaction of the Claim, and result in a release of all claims and a dismissal of all appeals.

4.  Approval of the Motion will result in Frank receiving a dividend of approximately 10 percent compared to other general unsecured creditors receiving, by virtue of Debtors' confirmed Chapter 13 plan, a dividend of 3.4 percent. The dividend to unsecured creditors will not be affected by the Motion; however, failure to approve the Motion and Compromise Motion may detrimentally affect unsecured creditors.  The order confirming plan was appealed, primarily based on an allegation that Debtors are not eligible for Chapter 13 relief.  Consequently, if Debtors were to suffer a reversal on appeal, creditors would lose out on their expected dividend.

5.  The Plan, if modified would be completed within 60 months from commencement of the case.

THE MOTION SHOULD BE GRANTED

"A debtor may file a motion to modify any time it is warranted.  The motion will be reviewed by the Trustee, and ultimately the court, to ensure that it satisfies the requirements of Section 1329(b) and In re Sunahara, 326 B.R. 768(9th Cir. 2005)."  In re Escarcega, 557 B.R. 755, 772(Bankr. N.D. Cal. 2016), affd 2017 Bankr. LEXIS 2529(9th Cir. BAP 2017).

Section 1329(b) incorporates the confirmation requirements of Sections 1322(b) and 1325(a), including the pertinent requirements of good faith and prohibition against unfair discrimination.

According to In re Wolff, 22 B.R. 510, 512(9th Cir. BAP 1982), the test for determining fair discrimination between unsecured claims includes:

" (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination. Restating the last element, does the basis for the discrimination demand that this degree of differential treatment be imposed?"

Here, the discrimination proposed is tied to the Compromise. If the Compromise is approved as fair and equitable, then the Motion to Modify should be deemed made in good faith. Moreover, there is really no unfair discrimination to the class of general unsecured creditors. They will be receiving precisely what the confirmed plan provided. Where the general unsecured creditors will receive all that they may have expected to receive in a Chapter 13 case, the remaining payments to a specific unsecured creditor, whose classification was made in good faith, "are not being taken away" from the general unsecured creditors. In re Ponce,, 218 B.R. 571, 577-8(Bankr. E.D. WA 1998).

The different treatment afforded to Frank will likely come from "discretionary" sources; that is, from, for example, the exempt or non-estate portion of equity in a home or retirement. There is no unfair discrimination where discretionary payments are made in good faith to a certain creditor. In re Sharp, 415 B.R. 803, 813(BAnkr. D. Colo. 2009).

WHEREFORE, Debtors pray that the Court grant the Motion to Modify Plan.

Dated: 9/28/2017           /s/Stanley Zlotoff

- 3